UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-62375-STRAUSS

**ANDREW ISAACS,**

    Plaintiff,

v.

**CHRISTOPHER B. WIGAND** et al.**,**

    Defendants.

_____/

## ORDER

THIS MATTER came before the Court *sua sponte*. On November 21, 2025, Plaintiff filed his Complaint against multiple state officials. *See generally* [DE 1]. In the Complaint, Plaintiff details that he faces "imminent" incarceration because of a contempt order entered in state-court proceedings stemming from Plaintiff's supposed child-support obligations. *Id.* ¶¶ 1-2. Plaintiff alleges that the proceedings, contempt order, and imminent incarceration are improper under multiple constitutional and statutory provisions. *Id.* at ¶¶ 51-73, ¶ 76. Plaintiff's Complaint thus seeks "injunctive and declaratory relief, including immediate preliminary relief before issuance of a writ on December 14, 2025, seeking to stay incarceration and enjoin Defendants . . . ." *Id.* ¶ 1. Some of the relief Plaintiff requests includes the entering of a temporary restraining order ("TRO") or preliminary injunction. *See id.* at 24-27. However, in order to seek a TRO or a preliminary injunction, Plaintiff must file a motion providing sufficient evidence and legal analysis, and complying with the Federal Rules of Civil Procedure and this Court's Local Rules, to support the relief he seeks.

Currently, Plaintiff has only filed a Complaint, which is unverified. Although Plaintiff's Complaint asks for a TRO or a preliminary injunction, Plaintiff must do more to obtain such relief.

For one thing, Plaintiff's filing does not satisfy necessary procedural rules.[1]  For example, if Plaintiff seeks a TRO issued without notice to Defendants, Plaintiff must first comply with Rule 65(b)(1) by providing "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  Further, Plaintiff must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020) ("The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." (quoting *Vaughan v. Bank of Am., NA.*, No. CIV.A. 10-0453-KD-N, 2010 WL 3273052, at *1 (S.D. Ala. Aug. 18, 2010))).[2]  Plaintiff did not sufficiently follow either requirement.  First, Plaintiff did not provide specific facts in either an affidavit or verified complaint.  Second, Plaintiff's certification of his efforts made to give notice to the adverse parties only details an attempted email communication to *one* of *six* Defendants—even though all six are adverse parties.  *See* [DE 1] ¶ 12 ("Plaintiff hereby certifies that, on November 20, 2025, he sent an email to Defendant Sally Regueiro with regard to seeking a temporary restraining order without

---

[1] *Pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

[2] Although Rule 65(b)(1)(B) refers to "the movant's attorney," the certification requirement applies even if the movant, as here, is proceeding *pro se*. *See, e.g.*, *Vaughan*, 2010 WL 3273052, at *1 ("[P]*ro se* status does not excuse [the movant] from the obligation to comply with substantive law and procedural rules, and his failure to provide said information, as required under Rule 65(b)(1)(B), is fatal to his request.").

2

notice . . . ."). Given that the writ Plaintiff seeks to enjoin will apparently not issue for three weeks, it is particularly necessary for Plaintiff to explain why an order is warranted without hearing from the adverse parties.

Regarding Plaintiff's request for a preliminary injunction, Rule 65(a) makes clear that "[t]he court may issue a preliminary injunction *only* on notice to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added). "The notice requirement implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citation modified). Yet nothing in the Complaint indicates that all the adverse parties have received notice of Plaintiff's request for a preliminary injunction. Moreover, the Court cannot grant a preliminary injunction based solely on naked allegations. *See Women's Emergency Network v. Bush*, 191 F. Supp. 2d 1356, 1361 (S.D. Fla. 2002) ("[A] preliminary injunction cannot be entered based on allegations alone."); *New Vision Eye Ctr., LLC v. Fla. Eye Inst., PA*, No. 09-14441-CIV, 2010 WL 11602458, at *2 (S.D. Fla. Mar. 23, 2010) ("A motion for preliminary injunction must be supported by evidence; a party is not entitled to preliminary injunctive relief 'solely on the basis of its naked allegations.'" (quoting *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 777 F.2d 598, 608 (11th Cir. 1985))). In short, the Court cannot grant Plaintiff the relief he seeks, at least at this time.

Additionally, if and when Plaintiff files a motion for a TRO or preliminary injunction, the motion must comply with the Court's Local Rules, such as by containing a memorandum of law. *See* S.D. Fla. L.R. 7.1(a)(1) ("Every motion when filed and served shall incorporate a memorandum of law citing supporting authorities, except [for certain motions not applicable here]."). The memorandum of law shall cite authorities that support Plaintiff's argument regarding

his entitlement to injunctive relief. *Id.* For example, from Plaintiff's Complaint, it seems that Plaintiff's theory for relief is largely centered around the idea that the state court that issued the order he protests did so without jurisdiction. *See* [DE 1] ¶ 4. That assertion seems predicated on the idea that the state cannot undertake the type of child-support enforcement it has against Plaintiff due to certain requirements of federal law. *Id.* Any memorandum of law in support of a motion for TRO or preliminary injunction must fully explain these assertions, with citation to the relevant statutes and authority, in addition to any other legal theories on which Plaintiff premises his motion. Moreover, if Plaintiff desires a ruling on an "emergency" or "expedited" basis, Plaintiff must comply with Local Rule 7.1(d), which discusses the appropriate designation to use.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. If Plaintiff seeks a TRO or preliminary injunction, Plaintiff shall file a compliant motion (including a memorandum of law) for such relief on an expedited basis no later than **December 2, 2025**.

2. If Plaintiff chooses to move for a TRO without notice, he must fully comply with Rule 65(b)(1) when filing any such motion. Specifically, Plaintiff must (1) provide specific facts in an affidavit or a verified complaint that clearly show that immediate injury, loss, or damage will result to him before Defendants can be heard in opposition and (2) detail how he attempted to give notice to *all* Defendants (and why notice should not be required).

3. If Plaintiff chooses to move for a preliminary injunction, he is responsible for providing notice to Defendants of any such motion, as required by Rule 65(a)(1).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of November 2025.

Jared Strauss
Jared M. Strauss
United States Magistrate Judge

4