UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62375-CIV-SINGHAL

ANDREW M. ISAACS,

       Plaintiff,

vs.

THE HONORABLE CHRISTOPHER B.
WIGAND**,** *et al.*,

       Defendants.

_____/

### ORDER

**THIS CAUSE** is before the Court on a *sua sponte* review of Plaintiff's Complaint. (DE [1]).  Because Plaintiff is proceeding *in forma pauperis*, *see* (DE [16]), his Complaint must be screened pursuant to 28 U.S.C. § 1915(e).  Under § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the court determines the action is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous under § 1915(e) if it "is without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001).

In his Complaint, Plaintiff challenges a contempt order issued by Judge Christopher B. Wigand, on the Seventeenth Judicial Circuit of Florida, in and for Broward County.  (DE [1]).  Judge Wigand found Plaintiff in contempt for failing to pay child support. (DE [1] at 32-34).  Plaintiff argues, among other things, that the contempt order violates his due process rights. Plaintiff also sues other officials for prosecuting the child support claim and the contempt action.

The Complaint is frivolous because it improperly attempts to appeal a state court contempt order and, as such, is barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal courts will not hear what is tantamount to an appeal of a state court judgment.  *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  In other words, "a party who loses a case in state court cannot appeal that loss in a federal district court." *Behr v. Campbell,* 8 F.4th 1206, 1208 (11th Cir. 2021).  Granting any of the relief Plaintiff requests would require this Court to review and essentially reverse a state court order.  Under *Rooker-Feldman*, the Court is barred from doing so.

Plaintiff's suit is also barred in federal court because it attacks an ongoing state proceeding.[1]  When a plaintiff sues in federal court, raising claims involving an ongoing state-centric legal proceeding, like an action involving child support, the general rule is that the federal court must abstain from exercising jurisdiction over the case.  *Younger v. Harris*, 401 U.S. 37 (1971).  Abstention "is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022).  The Eleventh Circuit has applied *Younger* abstention to lawsuits seeking to enjoin the enforcement of child-support related contempt orders, just like in this case.  *See Pompey v. Broward Cnty.*, 95 F.3d 1543 (11th Cir. 1996).  "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur;

---

[1] Plaintiff's case is still pending before Defendant Judge Wigand, the Writ of Prohibition having been denied on the merits by the Florida 4th District Court of Appeal on or about April 22, 2026. https://www.browardclerk.org/Web2/CaseSearchECA/GetCaseDetail?Viewer=pGSGiThLGH%2Ffyy9%2F tXvTT%2F5lMHLrFfAeBqhiAfYypGnUeaqqeNHiYBnMtEQ%2FinvdqAbpANGkCf957djKWahDy5AqdD9vv veMVWkB%2FivCWQJOqL6wnyc2Aa2V%2FsyytwZa0gjcRi%2FD0udWz7ilrXH%2Fsw%3D%3D    (last accessed July 30, 2026).

or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F.4th at 1099.

Here, *Younger* abstention applies.  All the factors are met.  There is a pending state court family law case that forms the genesis of the contempt orders[2]; the family law case involves the payment of child-support, which is a state-centric issue best left to local, not federal tribunals; and Plaintiff can raise his constitutional issues during his case before Judge Wigand.

None of the narrow exceptions apply either.  There is no evidence that the proceeding was motivated by bad faith.[3]  No irreparable injury will occur, because Plaintiff can raise all his constitutional issues during his state-court case. And the family law proceedings are an adequate state forum to raise those constitutional arguments as well as any other arguments that support the best interests of the child(ren).  "[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters.  Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts . . . ." *Pompey*, 95 F.3d at 1551. The Court must abstain from exercising jurisdiction in this case.

For the reasons discussed above, it is hereby

---

[2] *Isaacs v. Isaacs*, 4D2025-3386 (Fla. 4th DCA Nov. 14, 2025) (date filed).
[3] Plaintiff's bare assertions that Defendants acted in bad faith are not evidence.  He has failed to state any facts that could reasonably show Defendants acted in bad faith.

**ORDERED AND ADJUDGED** that this cause is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of July 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF
and U.S. Mail to:

Andrew Isaacs
P.O.Box 25592
Tamarac, FL 33320

4